IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 11-10256-02, 09, 10, |
| ) | 13 |
| ) | |
| TOM AVANT ) | |
| DEOCA SALDANA MONTES, ) | |
| JUAN ARELLANO PADILLA, ) | |
| and JUAN VIDANA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1) Defendant Tom Avant's motion to sever (Doc. 156) and motion for <u>James</u> hearing (Doc. 157);

2) Defendant Deoca Saldana Montes motion to sever (Doc. 158) and motion for joinder (Doc. 159);

3) Defendant Juan Padilla's motion for joinder (Doc. 160); and

4) Defendant Juan Vidana's motion to exclude Bruton evidence (Doc. 147), motion for severance (Doc. 148), motion in limine (Doc. 161), motion for bill of particulars (Doc. 162) and motion for joinder (Doc. 164).

The United States has responded to all motions. (Docs. 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177).

**I.   Facts**

On November 8, 2011, the grand jury returned an indictment

against defendants and nine additional co-defendants.[1] (Doc. 1). On January 10, 2012, the grand jury returned a superceding indictment against defendants. The superceding indictment contains twenty-one counts, including six charges of conspiracy and eleven charges of possession with the intent to distribute. Due to the complexity of the charges and the significant amount of discovery, including numerous recorded calls in Spanish, the court granted the government's uncontested motion to designate this case complex on April 17, 2012. (Doc. 123).

The court set pretrial motion deadlines in this case. However, a trial date has not been set.

**II.   Analysis**

   **A. Motions to Sever (Docs. 148, 156, 158)**

Avant, Montes and Vidana all move to sever their cases. Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). If, however, a joint trial "appears to prejudice a defendant, . . . the court may order separate trials of counts [or] sever the defendants' trials." Fed. R. Crim. P. 14(a). Joint trials of defendants who are charged together are preferred because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted). Severance is discretionary and should be granted only when "there is

---

[1] The nine co-defendants have not joined in any pretrial motions. Two co-defendants have entered guilty pleas.

a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 1302 (quotation omitted).

The court agrees with the government's responses and adopts its discussion. Defendants have failed to establish how a joint trial would result in "actual prejudice to [their] defense" as required to succeed on a motion to sever especially in light of the charges, which include several conspiracy counts. United States v. Hutchinson, 573 F.3d 1011, 1025 (10th Cir. 2009). Defendants' concern of undue prejudice and confusion of the issues because of other transactions and charges concerning co-defendants will be alleviated by the court's instructions which require the jury to consider each defendant and count independently. "[L]imiting instructions are ordinarily sufficient to cure potential prejudice." Id.

Avant's, Montes' and Vidana's motions to sever are therefore denied. (Docs. 148, 156, 158).

**B. Motion for a James Hearing (Doc. 157)**

Avant moves for a James hearing to identify out of court co-conspirator statements which will be offered against him in trial. The government responds that a hearing is necessary but should not be scheduled until a trial date is determined due to current plea negotiations with co-defendants which will affect the extent of the evidence and testimony during a James hearing. The court agrees. A hearing date will be set one week prior to trial to determine the admissibility of co-conspirator statements.

**C. Motion to exclude Bruton evidence (Doc. 147)**

Vidana moves for an order excluding the government from introducing any evidence of out-of-court statements made by a co-defendant which inculpate Vidana. Vidana, however, has failed to identify what statements, if any, he seeks to exclude. Therefore, the government cannot adequately respond to Vidana's motion. (Doc. 165). Vidana's motion is denied, without prejudice. (Doc. 147).

### D. Motion in Limine (Doc. 161)

Vidana moves to exclude all evidence of his prior guilty plea to possession of marijuana. The government responds that it believes Vidana will contend during trial that he did not know he was involved with drug trafficking. If Vidana takes this position during trial, the government may be successful in admitting this evidence. Therefore, the court will take this matter under advisement at this time.

### E. Motion for Bill of Particulars (Doc. 162)

Vidana argues that the indictment is not sufficient to put him on notice of the nature and manner of the commission of the alleged drug conspiracy and conspiracy to commit money laundering charge. Vidana seeks disclosure of his statements, and those made by his co-conspirators, and/or events which establish that the conspiracies existed and the dates that the statements were made or the dates that the events occurred. (Doc. 162 at 1-2).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense . . . ." United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995)(quoting United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992)). "A bill of particulars, however, is not a

discovery device but may serve to amplif[y] the indictment by providing additional information." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(internal citations omitted). The Tenth Circuit has held that an indictment is sufficient if it apprises defendants of their crimes and defendants have been provided full discovery. Kunzman, 54 F.3d at 1526. Vidana's request must show that the failure to provide the information would result in prejudicial surprise. United States v. Anderson, 31 F. Supp.2d 933, 938 (D. Kan. 1998)(citing United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987)).

The government responds that it does not have the ability to pinpoint dates when defendants joined the conspiracies. The government also asserts that it has disclosed all discovery in this case, including all wiretap conversations. Therefore, Vidana has not established that the government has failed to disclose information that would be prejudicial. Vidana is not entitled to know the entirety of the government's case and how the case will be presented during trial.

Vidana's motion for a bill of particulars is denied. (Doc. 162).

**F. Motions for Joinder (Docs. 159, 160, 164)**

Defendants' motions to join in their co-defendants' filings are granted.

**III. Conclusion**

Defendants' motions to sever are denied. (Docs. 148, 156, 158). Avant's motion for a James hearing is granted. However, a hearing will be scheduled one week prior to trial. Vidana's motion to exclude

Bruton evidence (Doc. 147) and motion for bill of particulars (Doc. 162) are denied.  Vidana's motion in limine (Doc. 161) is taken under advisement. Defendants' motions to join in their co-defendants' filings are granted.  (Docs. 159, 160, 164).

Additionally, Avant's motion to suppress (Doc. 154) will be heard on August 28 at 1:30 p.m.

A status conference will be held in this case on September 10 at 1:30 p.m.  Defendants do not need to be present.  A trial date will be set at that time.

IT IS SO ORDERED.

Dated this __3rd__ day of August 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE